[Crim. No. 7904.   Second Dist., Div. Three.   Dec. 6, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. RUBEN ARMENTA, Defendant and Appellant.

Ruben Armenta, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—In a nonjury trial in which he was represented by the public defender, Ruben Armenta was convicted of possession of heroin; probation was denied; he was sentenced to state prison and appeals in propria persona.   He applied for appointment of counsel on appeal; we read the record, determined the appeal was wholly without merit, denied the request for appointment of counsel, notified defendant, extended his time for filing a brief and none having been filed, after notice given appellant under rule 17(a), Rules on Appeal, we proceed to decide the appeal.

Under stipulation, the reporter's transcript of the preliminary hearing was received in evidence and additional evidence was received at the trial.

Officer McNamara, who had made 300 to 350 narcotic arrests, and Officer Coria were driving by the house of one Garcia when the observed Armenta and Concepcion Garcia, both known as narcotic addicts, look in their direction and immediately hurry into the apartment. They knew that one other narcotic addict lived there and they had previously made several narcotic arrests in the same apartment. Officer Coria went to the front door, looked through a window, saw Armenta take something from his mouth and throw it away, whereupon the officer pounded on the door, announced he was an officer, demanded admittance and when he heard the door bolted, kicked it in and entered the house. At the same time Officer McNamara from the outside of the rear of the house observed Armenta throw a package to the floor. From the floor some two feet away from Armenta, he recovered two capsules containing heroin. He observed fresh needle marks on defendant's arms and arrested defendant. Questioned by the officer defendant stated that since a previous arrest he had been using heroin, but only about five times in the last two weeks. Photographs taken immediately after defendant's arrest showed fresh needle marks. Defendant testified that as he was passing the Garcia house a tire on his car went flat and since he was using crutches following an accident in which he suffered burns on his feet, he stopped at the house in order to obtain help in changing the tire; he did not throw away any heroin nor have any in his possession. He heard Officer Coria banging on the front door. He had been a user of heroin but was taking the naline treatment. He did not remember when he had last used heroin. There was no other evidence introduced on behalf of defendant.

There was sufficient evidence of defendant's guilt; the case was tried without error. ▆▆▆ After it had been stipulated that the two packages produced by the officers contained heroin, they were offered in evidence and admitted over objection of defendant upon the ground that they had been recovered as a result of an unlawful search and seizure. We fail to find any error. Although the officers had no warrant to search the premises or arrest the defendant they had reasonable cause before they entered the premises to believe that defendant was committing a felony in that he then had a narcotic in his possession. They did not enter the premises until after they had observed from the outside defendant's act of throwing away the capsules. This had occurred immediately after the front door was bolted, Coria had an-

nounced "police officers," had pounded on the door and demanded admittance. These facts together with the knowledge the officers had that Armenta and Concepcion Garcia were addicts, and that the apartment was a rendezvous of addicts could scarcely have failed to convince them that a felony was being committed. It was their duty to arrest defendant. (*People* v. *Martin,* 45 Cal.2d 755 [290 P.2d 855].)

The judgment is affirmed.